CaRUTHERS, J.,
delivered the opinion of the Court.
The plaintiff in error was indicted and convicted in the Circuit Court of Washington county, for fraudulently and feloni-ously keeping in his possession counterfeit coin of the denomination of quarter and half dollars. Neither the evidence or charge of the Court is given, but the appeal in error is from the judgment of the Court overruling the motion in arrest.
There are three counts in the indictment, and the conviction is upon the second. The first reason in arrest is upon the supposed insufficiency, in law, of this count. The imperfection relied upon is, that it does not charge that the base coin was kept in possession with intent to pass the same. In all other respects, it is admitted the count is good. So, the only question on this point is, whether that omission vitiates the indictment. To sustain the position that it does, we are referred to the case of Fergus v. The State, 6 Yer., 345, and of Owen v. The State, 5 Sneed, 495. That was certainly the well settled rule previous to the act of 1842, ch. 48. In § 5 of that act, it is provided that—
*28 “In indictments for fraudulently keeping in possession, or concealing counterfeit money, or bank notes, it shall not be necessary to aver in the indictment that the party charged intended to pass or impose the counterfeit money, or banh notes, up>on the community as good money, but it must appear in proof that the counterfeit money, or notes, were so possessed and concealed, with fraudulent intent that they should get into circulation, and that the party charged hneiv the money or notes were counterfeit.”
This act was not brought to the notice of the Court in the late case of Owen v. The State, and the law, as settled in the case in 6 Yer., was incidentally recognized. It was not the point on which the case turned, and, perhaps, for that reason not particularly examined.
The statute of 1842, which is in substance contained in the Code, § 5135, certainly cures this indictment, and sustains the judgment of the Court in overruling the motion in arrest, so far as it rests upon that ground. There is no argument against a plain statute. It puts an end to reasoning, and stops invest'gation. Unless, indeed, it be in conflict with the Constitution, and then, of course, it is a nullity. It is argued that such is the case here. In the 9th sec. of the 1st art. of our Constitution, it is declared, “ That in all criminal prosecutions the accused hath a right to be heard by himself and his counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof.” But it must be left to the Legislature to prescribe what shall constitute the “accusation”— in what form the crime shall be charged. A copy of this he has a constitutional right to demand. The Constitution has not prescribed the form in which the accusation shall be made. This is left for the Legislature, and it has performed that duty, in this regard.
2. The second reason in arrest is, that the offence of counterfeiting the coin of the United States, or of passing, or keeping it with intent to circulate it, are offences against the United States, and exclusively cognizable in the Federal Courts. The power to coin money and regulate the value *29 thereof is confined to the General Government, and Congress, doubtless, has the power to provide for the punishment of all who may counterfeit it. But there is no prohibition upon the States to do the same. The two governments are separate and distinct. Both are sovereign in the spheres assigned to them. If the power to coin money is confined to the General Government, as it is, such -coin is intended for the use of the people of all the States, and is, in fact, the only constitutional currency and lawful tender. If this be so, there could be no reason in denying to the States the power of protecting their citizens against the debasement of the universal currency, by the punishment of all offenders against it within its borders. Such power has been exercised in this State from its organization, and perhaps the same authority has been assumed in all the States. If it be an offence against the United States to counterfeit the public coin, which may be punished in its Courts, it is none the less an offence against the States where the same coin is made the circulating medium and lawful tender in payment of debts. The two authorities are not incompatible, nor is the case anomalous. But it is not intended now to go into an argument on this point, as the jurisdiction has been too long exercised, and is too well established, to be questioned. If Congress could restrict the power of the States on this subject, which is not admitted, it has not attempted to do so. We are referred by the Attorney General to 1 Bishop on Crim. Law, secs. 610 and 613; and 2d vol. of same, secs, from 227 to 239, where this subject is fully treated, and the jurisdiction of the States sustained.
There is no error in the judgment, and it is affirmed.